William FIFER, Sr., Plaintiff-Appellant,

Theresa FIFER, Plaintiff,

v.

Lyle A. DIX and Rural Mutual Insurance Company,
Defendants-Respondents,

MEDICARE PARTS A & B, Defendant.

Court of Appeals

*No. 99–1717. Submitted on briefs December 6, 1999.—Decided
February 24, 2000.*

2000 WI App 66

(Also reported in 608 N.W.2d 740.)

117

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Dean R. Rohde* of *Bye, Goff & Rohde, Ltd.*, River Falls.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Edmund Manydeeds III* of *Danielson, Guettinger, Richie & Manydeeds, S.C.*, Eau Claire.

Before Dykman, P.J., Roggensack and Deininger, JJ.

¶ 1. DEININGER, J. William Fifer appeals a judgment dismissing his complaint against Lyle Dix.[1]

---

[1] William Fifer's wife, Theresa, is also a plaintiff in this action, but she has not appealed the judgment. In addition to

Fifer alleged in his complaint that Dix is strictly liable under WIS. STAT. § 174.02 (1997–98)[2] for injuries Fifer incurred when he was bitten by Dix's dog, and alternatively, that the dog-bite injuries resulted from Dix's negligence. The trial court granted summary judgment to Dix, concluding that Dix was not statutorily liable for Fifer's injuries and that Fifer had failed to submit any evidence of Dix's negligence. We conclude that the trial court properly dismissed Fifer's negligence claim but that it erred in dismissing the statutory claim against Dix. Accordingly, we affirm the judgment in part and reverse in part, and we remand for further proceedings on Fifer's claim under § 174.02.

## BACKGROUND

¶ 2. Fifer sued Dix, alleging that Dix was liable for injuries Fifer incurred as a result of a dog bite. Dix moved for summary judgment, claiming that he was not liable as a matter of law for Fifer's injuries.

Lyle Dix, his liability insurer, Rural Mutual Insurance Company, and "Medicare Parts A & B," alleged to be an entity with a subrogation claim, are named as defendants. We will refer to the respondents, Dix and Rural Mutual, collectively as Dix.

[2] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted. WISCONSIN STAT. § 174.02(1) provides, as follows:

(1) LIABILITY FOR INJURY. (a) *Without notice.* Subject to s. 895.045 [dealing with comparative negligence], the owner of a dog is liable for the full amount of damages caused by the dog injuring or causing injury to a person, domestic animal or property.

(b) *After notice.* Subject to s. 895.045, the owner of a dog is liable for 2 times the full amount of damages caused by the dog injuring or causing injury to a person, domestic animal or property if the owner was notified or knew that the dog previously injured or caused injury to a person, domestic animal or property.

¶ 3.  According to an affidavit submitted by Dix's attorney, Dix allowed Dave Kappel to borrow Dix's dog, Zippy, apparently so Kappel could "run bear" and prepare for the upcoming bear hunting season.[3] Dix warned Kappel that Zippy had once bitten a person, and advised him "not to force the issue. Anytime someone was to catch Zippy, just back away and let him load himself." Kappel, in turn, warned Fifer as Fifer walked toward Zippy that the dog had bitten someone in the past. Fifer submitted no evidentiary materials in opposition to Dix's motion. Fifer alleged in his complaint, however, that Zippy bit him, causing him to be injured. Dix's answer to the complaint does not deny that Zippy bit Fifer, and the affidavit filed by Dix's attorney admits that "Dix was the legal owner of the dog which bit Mr. Fifer."

¶ 4.  The trial court concluded that Dix could not be held liable under WIS. STAT. § 174.02 for Fifer's injuries and granted Dix's summary judgment motion. Fifer moved for reconsideration, and the court clarified

---

[3] The affidavit filed in support of Dix's summary judgment motion was executed by Dix's attorney. In addition to numerous verbatim excerpts from the depositions of Dix and Kappel, the affidavit also contains several statements, purporting to be facts, which appear to be summaries or paraphrases of deposition testimony. To the extent that the attorney's affidavit goes beyond verifying the authenticity of the deposition excerpts, by presenting purported facts which could only be based on the attorney's "information and belief" from his review of the deposition testimony, it was an improper summary judgment submission. *See Hopper v. City of Madison*, 79 Wis. 2d 120, 130, 256 N.W.2d 139 (1977). Fifer has not objected, however, either here or in the trial court, to the submission. Inasmuch as the relevant facts are contained in the deposition excerpts set forth in the affidavit, we will accept those facts as being properly in the summary judgment record.

that Fifer had also failed to establish a viable claim of negligence on Dix's part. Fifer appeals the subsequent judgment dismissing his complaint.

## ANALYSIS

¶ 5.   We review a trial court's decision to grant summary judgment de novo, applying the same methodology as the trial court. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–17, 401 N.W.2d 816 (1987). Summary judgment should be granted only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See M&I First Nat'l Bank v. Episcopal Homes Management, Inc.*, 195 Wis. 2d 485, 496–97, 536 N.W.2d 175 (Ct. App. 1995); *see also* WIS. STAT. § 802.08(2).

¶ 6.   Whether Dix can be found liable to Fifer under WIS. STAT. § 174.02(1) presents a question of statutory interpretation, which is a question of law that is also subject to our de novo review. *See State v. Szulczewski*, 216 Wis. 2d 495, 499, 574 N.W.2d 660 (1998). The goal of statutory interpretation is to ascertain the intent of the legislature, and to discern this intent we look first to the plain language of the statute. *See Anderson v. City of Milwaukee*, 208 Wis. 2d 18, 25, 559 N.W.2d 563 (1997). If the plain language of the statute is clear, we look no further and simply apply the statute to the facts and circumstances before us. *See Jungbluth v. Hometown, Inc.*, 201 Wis. 2d 320, 327, 548 N.W.2d 519 (1996).

¶ 7.   WISCONSIN STAT. § 174.02(1) provides that "the owner of a dog is liable for the full amount of damages caused by the dog injuring or causing injury to a person, domestic animal or property," and the stat-

122

ute allows for double damages if the owner of the dog "was notified or knew that the dog previously injured or caused injury to a person, domestic animal or prop-. erty." *See* § 174.02(1)(a) and (b). Section 174.02(1) has been interpreted to impose strict liability on a dog owner, "subject only to the defense of comparative negligence." *See Becker v. State Farm Mut. Auto. Ins. Co.*, 141 Wis. 2d 804, 808, 416 N.W.2d 906 (Ct. App. 1987).[4]

¶ 8.  Fifer argues that Dix, as Zippy's owner, is strictly liable under WIS. STAT. § 174.02(1) for the injuries Fifer incurred as a result of the bite. Dix responds that a dog owner cannot be held strictly liable under § 174.02(1) unless the owner was exercising control over the dog at the time the injury occurred. He maintains that this exception to liability flows from the supreme court's holding in *Armstrong v. Milwaukee Mutual Insurance Co.*, 202 Wis. 2d 258, 549 N.W.2d 723 (1996). Dix argues that under *Armstrong*, an owner who is not negligent and is not exercising control over his or her dog cannot be held liable under § 174.02 for injuries incurred by a third person. We conclude, how-

---

[4] In *Becker v. State Farm Mutual Automobile Insurance Co.*, 141 Wis. 2d 804, 416 N.W.2d 906 (Ct. App. 1987), we interpreted a predecessor of the present WIS. STAT. § 174.02(1), quoted above in footnote 2. Section 174.02(1) (1983–84), provided that a dog owner "may be liable" for injuries caused by the dog. *See Becker*, 141 Wis. 2d at 813. In *Becker*, we concluded that the history of the statute indicated that the legislature inserted this "may be liable" language "to clarify that comparative negligence principles applied to the strict liability provisions of the statute." *Id.* at 815. We also noted that the subsequent amendment of the statute to its present wording, which directly references the comparative negligence statute, makes this intent "even more" explicit. *See id.* at 818.

ever, that Dix misreads the limited holding of *Armstrong*.

¶ 9.   In *Armstrong*, a kennel employee was bitten by a dog that was being boarded at the kennel. *See Armstrong*, 202 Wis. 2d at 261–62. The employee sued the dog's owners, alleging that they were strictly liable under WIS. STAT. § 174.02(1) for her injuries. *See id.* at 262. The supreme court, however, determined that the employee was, by statute, a "keeper" of the dog because she had exercised "some measure of custody, care or control over the dog" at the time of the incident. *See id.* at 267. Noting that WIS. STAT. § 174.001(5) defines "owner" as one who "keeps" a dog, the court determined that the employee was thus an "owner" of the dog at the time the injury occurred. Finally, the court concluded that a dog owner who is injured while in control of a dog cannot hold another owner of the dog strictly liable for her injuries. *See id.* at 268.

¶ 10.   The trial court determined that it was "reasonable" to extrapolate from the *Armstrong* holding that only a dog owner who was "harboring" the dog at the time of the injury could be held strictly liable under WIS. STAT. § 174.02(1). We conclude, however, that *Armstrong* created only a very narrow exception to the strict liability provision of § 174.02(1), an exception that precludes only the imposition of liability under the statute on one "owner" of a dog for injuries incurred by another "owner" of the dog.

¶ 11.   The holding in *Armstrong* has no application when a third party is the plaintiff, that is, when one who is neither an owner nor a keeper of the dog is injured. The court labeled one section of its analysis "Applicability of WIS. STAT. § 174.02 *when plaintiff is a keeper.*" *Id.* (emphasis added). The court's subsequent discussion included the following statements:

We hold that when the legal owners of a dog are not negligent and are not exercising control over their dog, *a person acting in the capacity as the dog's keeper cannot collect damages* under WIS. STAT. § 174.02. . . .

. . .We conclude that the purpose of the statute is to protect those people who are not in a position to control the dog, and not to protect those persons who are statutorily defined as owners. *An owner injured while in control of the dog may not use the statute to hold another owner liable.*

*Id.* (emphasis added). And:

We conclude that *the statute imposes liability on anyone who owns, keeps or harbors a dog who injures a third party.* However, a non-negligent owner cannot be held liable under WIS. STAT. § 174.02 to another owner who is injured while the latter is exercising control over the dog.

*Id.* at 272 (emphasis added).

¶ 12.   Thus, we conclude that the plain language of WIS. STAT. § 174.02(1) unambiguously imposes strict liability on a dog owner whose dog injures a person who is neither its owner nor its keeper, and nothing in the *Armstrong* decision precludes Dix from being found liable to Fifer under the statute. Moreover, it is not our role to create exceptions to the operation of a strict liability statute by "implication or statutory construction." *See Becker*, 141 Wis. 2d at 816–17 & n.7 (citation omitted).

¶ 13.   Accordingly, we conclude that the trial court erred in dismissing Fifer's statutory claim, and we reverse that portion of the appealed judgment. Fifer asks us to "instruct the [trial] court to find that defen-

dant Dix is liable pursuant to WIS. STAT. § 174.02 as a matter of law." We cannot do so, however, because a fact finder could determine that Fifer's negligence, if any, contributed sufficiently to his injuries so as to diminish or preclude a recovery from Dix. *See Becker*, 141 Wis. 2d at 818–19; *see also* WIS JI—CIVIL 1390. Accordingly, we remand to the trial court for further proceedings on Fifer's claim under § 174.02.[5]

¶ 14.   We next consider Fifer's contention that the trial court also erred in dismissing his negligence claim on summary judgment. The negligence claim received very little attention in the trial court, largely because Fifer submitted no affidavits or other evidentiary materials to show that Dix was causally negligent in any way with respect to the injuries Fifer incurred. Neither did Fifer include any argument on the negligence issue in his initial trial court brief. It is not surprising, then, that the trial court concluded in its memorandum decision that Fifer was not asserting a claim that Dix was negligent. It was not until Fifer's motion for reconsideration that he called to the court's attention the fact that he had indeed included an allegation that Dix was negligent in his complaint. The court, however, concluded that the materials submitted by Dix established that Dix had warned Kappel that Zippy had bitten before, and because "there are no counter affidavits indicating any other kind of negligence in this matter," Fifer's negligence claim should be dismissed. We agree.

¶ 15.   We recognize that the issue of negligence is ordinarily a question for the jury, and that summary judgment is usually inappropriate when a party's neg-

---

[5] Fifer did not name Kappel as a defendant in the action, and we therefore do not address any issue regarding Kappel's potential liability for Fifer's injuries under the statute.

ligence is alleged. *See State Bank of La Crosse v. Elsen*, 128 Wis. 2d 508, 517, 383 N.W.2d 916 (Ct. App. 1986). Nonetheless,

> [w]hile it is the moving party's responsibility to initially establish a prima facie case for summary judgment, once it is established the party in opposition to the motion may not rest upon the mere allegations or denials of the pleadings, but must, by affidavits or other statutory means, set forth specific facts showing that there exists a genuine issue requiring a trial. . . . Where the party opposing summary judgment . . . fails to respond or raise an issue of material fact, the trial court is authorized to grant summary judgment. . . .

*Board of Regents v. Mussallem*, 94 Wis. 2d 657, 673–74, 289 N.W.2d 801 (1980) (footnote and citations omitted). After Dix moved for summary judgment and supported his motion with evidentiary materials tending to show that he fulfilled his duty of care by warning Kappel of Zippy's prior bite, Fifer could not "rest on his pleadings" by failing to submit evidentiary material to establish the existence of a factual dispute regarding Dix's negligence.

¶ 16. Moreover, even though Fifer is the party against whom summary judgment was sought, he bears the ultimate burden of establishing Dix's negligence if he hopes to recover on his common-law negligence claim. In order for Fifer's negligence claim to survive summary judgment, it was incumbent upon Fifer, "the party asserting a claim on which [he] bears the burden of proof at trial[,] 'to make a showing sufficient to establish the existence of an element essential to that party's case,' " Dix's negligence. *See Transportation Ins. Co., Inc. v. Hunzinger Constr. Co.*, 179 Wis. 2d

281, 291–92, 507 N.W.2d 136 (Ct. App. 1993) (citation omitted). Fifer failed to do so. Dix submitted evidence that he had not been negligent by failing to warn of Zippy's aggressive tendencies. Fifer presented nothing to dispute that fact, and he did not come forward with any facts to establish that Dix was negligent in any other regard. Thus, the trial court did not err in dismissing the negligence claim.

## CONCLUSION

¶ 17.   For the reasons discussed above, we affirm the appealed judgment insofar as it dismisses Fifer's claim that Dix negligently caused Fifer to incur the dog-bite injuries, but we reverse the dismissal of Fifer's claim under WIS. STAT. § 174.02 and remand for further proceedings on that claim.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded.