PROGRESSIVE NORTHERN INSURANCE COMPANY,
Plaintiff,

v.

William A. OLSON and Trevor W. Olson,
Defendants.

Trevor OLSON, a minor by his Guardian ad Litem,
John Richie and Kathleen Olson,
Plaintiffs-Appellants,

v.

William A. OLSON,
Progressive Northern Insurance Company and
Group Health Cooperative of Eau Claire,
Defendants,

BARRON MUTUAL INSURANCE COMPANY of Barron,
Wisconsin, Defendant-Respondent.

Court of Appeals

*No. 2010AP663. Submitted on briefs November 16, 2010.
—Decided December 7, 2010.*

2011 WI App 16

(Also reported in 793 N.W.2d 924.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Steven G. Danielson* of *Danielson Law Offices, LLC*, Eau Claire.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Arnold P. Anderson* of *Mohr & Anderson, LLC*, Madison.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. PETERSON, J. Trevor Olson and his mother, Kathleen Olson, (the Olsons) appeal a summary judgment in favor of Barron Mutual Insurance Company of Barron, Wisconsin. The circuit court concluded a homeowner's policy issued by Barron Mutual to Trevor's father, William Olson, excluded coverage of Trevor's injuries because Trevor was an "insured" under the policy. The Olsons argue the policy language is ambiguous and, therefore, should have been construed in favor of coverage. We disagree and affirm.

## BACKGROUND

¶ 2. On September 1, 2007, Trevor Olson was injured in an ATV accident while visiting his father, William. Trevor's parents were divorced. They had joint legal custody of Trevor. Kathleen had primary physical placement, and William had periods of physical placement on alternating weekends and Thursday nights.

¶ 3. The Olsons sued William and his insurer, Barron Mutual, alleging that William negligently instructed and permitted Trevor to operate the ATV, failed to provide a helmet, and failed to supervise Trevor.

¶ 4. Barron Mutual moved for summary judgment, arguing its policy did not cover Trevor's injuries due to the following exclusion:

> 2. Additional Exclusions That Apply Only to Coverage
> L. Liability coverage does not apply to:
>
> > a. "bodily injury" to any "insured" or other person who resides on the "insured premises", except a "residence employee[.]"

The policy defines an "insured," in part, as follows:

> 11. "Insured" means:
>
> > a. "you";
> >
> > b. "your" relatives if residents of "your" household;
> >
> > c. persons under the age of 21 in "your" care or in the care of "your" resident relatives[.]

Barron Mutual contended Trevor was an "insured" because he was a resident of William's household and because he was in William's care at the time of the accident. Barron Mutual therefore argued the policy did not cover Trevor's injuries because it excludes coverage of "bodily injury" to any "insured." The circuit court agreed and granted summary judgment in favor of Barron Mutual.

86

¶ 5. The Olsons now appeal. They concede Trevor is an "insured" under Barron Mutual's policy. However, they argue the exclusionary language is ambiguous. Specifically, they contend a reasonable insured would understand the policy to exclude coverage of bodily injury to only those insureds who also reside on the insured premises. The Olsons assert that, because there is more than one reasonable interpretation of the exclusion, the circuit court should have construed it in favor of coverage. They ask us to reverse the circuit court's summary judgment and remand for a trial on the issue of whether Trevor resided on the insured premises at the time of the accident.

## DISCUSSION

¶ 6. We review a circuit court's decision to grant summary judgment independently, applying the same methodology as the circuit court. *Fifer v. Dix*, 2000 WI App 66, ¶ 5, 234 Wis. 2d 117, 608 N.W.2d 740. Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2) (2007–08).

¶ 7. The interpretation of an insurance policy also presents a question of law that we review independently. *Hull v. State Farm Mut. Auto. Ins. Co.*, 222 Wis. 2d 627, 636, 586 N.W.2d 863 (1998). Where language in an insurance contract is unambiguous, we merely apply the policy language to the facts of the case. *Grotelueschen v. American Fam. Mut. Ins. Co.*, 171 Wis. 2d 437, 447, 492 N.W.2d 131 (1992). In doing so, we give the policy terms their plain meaning – the meaning

they would have in the mind of a reasonable insured. *Id.* However, we construe any ambiguity in the policy language in favor of coverage. *Cardinal v. Leader Nat'l Ins. Co.*, 166 Wis. 2d 375, 382, 480 N.W.2d 1 (1992). Policy language is ambiguous if it is susceptible to more than one reasonable interpretation. *Taylor v. Greatway Ins. Co.*, 2001 WI 93, ¶ 10, 245 Wis. 2d 134, 628 N.W.2d 916.

¶ 8.   We conclude the exclusion at issue in this case is not ambiguous. The only reasonable interpretation of the exclusionary language is that it excludes liability coverage for bodily injury to two distinct groups: (1) insureds; and (2) persons other than insureds who reside on the insured premises. The Olsons' interpretation would make the exclusion's reference to "any 'insured' " superfluous. Under the Olson's interpretation, residence on the insured premises is necessary for the exclusion to apply, regardless of whether the injured person is an insured. However, if this interpretation were correct, there would be no reason for the exclusion even to refer to insureds – it could merely state that coverage is excluded for bodily injury to all persons who reside on the insured premises. Interpretations that render policy language superfluous are to be avoided where a construction can be given which lends meaning to the phrase. *Bulen v. West Bend Mut. Ins. Co.*, 125 Wis. 2d 259, 263, 371 N.W.2d 392 (Ct. App. 1985). Thus, the only reasonable interpretation of the exclusion reads the modifying phrase "who resides on the 'insured premises' " as referring only to the words closest to it, "other person." The phrase does not refer back to "any 'insured.' "

¶ 9.   Furthermore, the exclusion states that it applies to bodily injury to "any" insured. The word

"insured" is a defined term that includes seven specific categories of persons. The word "any," modifying the word "insured," means that the exclusion applies to any of the seven categories listed in the definition of "insured." This use of "any" to modify "insured" is inconsistent with a construction that adds additional requirements in order for an "insured" to come within the exclusion.

¶ 10.   The Olsons offer an affidavit of Dr. Marty Wood, an English professor at University of Wisconsin —Eau Claire. Wood opines that the exclusion is ambiguous, but that:

> The most defensible interpretation of the exclusion captures both "any insured" and the "other person" under the qualification "who resides under the insured premises." In other words, in the most defensible interpretation, an "insured" is excluded from liability coverage *only* if the insured resides on the insured premises.

However, the interpretation of an insurance policy is a question of law for the court to decide, *see Hull*, 222 Wis. 2d at 636, not an academic exercise in sentence construction. An English professor's interpretation of policy language is not determinative.

¶ 11.   Moreover, "words or phrases in an insurance policy are ambiguous if, *when read in context,* they are susceptible to more than one reasonable interpretation." *See Donaldson v. Urban Land Interests, Inc.*, 211 Wis. 2d 224, 230–31, 564 N.W.2d 728 (1997) (emphasis added). Wood did not read the exclusion in the context of the entire policy. He only reviewed an e-mail from the Olsons' attorney which reproduced the exclusionary language in isolation. This court's review reads the exclusion in context.

¶ 12. Finally, we are mindful of the purpose of this type of exclusion. Excluding liability coverage for bodily injury to insureds "protects insurers from situations where an insured might not completely cooperate and assist an insurance company's administration of the case." *A.G. v. Travelers Ins. Co.*, 112 Wis. 2d 18, 20–21, 331 N.W.2d 643 (Ct. App. 1983). Specifically, the exclusion allows an insurer to avoid the risk of collusion that may occur when the named insured, because of a close relationship, is partial to the injured claimant. *Id.* at 20. While homeowner's policies frequently cover liability for injury to third persons, *see id.*, they are "not meant to protect family members from negligent acts of other family members," *Swart v. Rural Mut. Ins. Co.*, 117 Wis. 2d 478, 482, 344 N.W.2d 719 (Ct. App. 1984). Construction of an insurance policy should not bind the insurer to a risk it did not contemplate and for which it did not receive a premium. *Bartel v. Carey*, 127 Wis. 2d 310, 314–15, 379 N.W.2d 864 (Ct. App. 1985). The Olsons' interpretation of the policy would do just that.

¶ 13. Barron Mutual's policy unambiguously excludes coverage of bodily injuries suffered by two distinct types of person: (1) any insured; and (2) any other person who resides on the insured premises. The Olsons concede Trevor is an insured, therefore the policy does not cover his injuries.

*By the Court.*—Judgment affirmed.