STATE of Wisconsin, Plaintiff-Respondent,

v.

James E. SZULCZEWSKI, Defendant-Appellant-Petitioner.

Supreme Court

*No. 96–1323–CR. Oral argument November 20, 1997.—Decided March 13, 1998.*

(Also reported in 574 N.W.2d 660.)

For the defendant-appellant-petitioner there were briefs by *Toni H. Laitsch* and *Laitsch & Zion*, Madison and oral argument by *Toni H. Laitsch*.

For the plaintiff-respondent the cause was argued by *Warren D. Weinstein*, assistant attorney general

with whom on the brief was *James E. Doyle*, attorney general.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This is a review of a published decision of the court of appeals, *State v. Szulczewski*, 209 Wis. 2d 1, 561 N.W.2d 781 (Ct. App. 1997), modifying and, as modified, affirming a judgment of the Circuit Court for Dane County, Mark A. Frankel, Judge.

¶ 2. The single, limited issue presented is whether a circuit court may stay execution of a prison sentence of a defendant who was found not guilty of a crime by reason of mental disease or defect (NGI) in a criminal case; was committed in that case to the Department of Health and Social Services (the DHSS) for custody, care and treatment under Wis. Stat. § 971.17; and was not discharged from the NGI commitment at the time of conviction and sentence for a subsequent crime.[1]

¶ 3. We hold that under Wis. Stat. §§ 971.17, 973.15(1) and 973.15(8)(a), a circuit court has the discretion to decide whether to stay execution of a prison sentence imposed on an NGI acquittee who is convicted of and sentenced for a crime while under the NGI commitment. We therefore reverse the decision of the court of appeals and remand the cause to the circuit court to

---

[1] Wis. Stat. § 971.17(8) (1993–94) provides that "[t]he commitment, release and discharge of persons adjudicated not guilty by reason of mental disease or mental defect for offenses committed prior to January 1, 1991, shall be governed by s. 971.17, 1988 stats., as affected by 1989 Wisconsin Act 31."

The defendant was found NGI on charges of murder and attempted murder in 1975. Further references to Wis. Stat. § 971.17 in this opinion will be to Wis. Stat. § 971.17 (1987–88).

determine whether the defendant's sentence should be stayed.

## I

¶ 4. The facts are not in dispute for purposes of our review. In 1975 the defendant, James E. Szulczewski, was found NGI of murder and attempted murder. He was committed to the DHSS for custody and treatment pursuant to Wis. Stat. § 971.17(1), which governs the commitment, release and discharge of persons adjudicated NGI.

¶ 5. In 1995, while institutionalized in accordance with Wis. Stat. § 971.17, the defendant was convicted of assaulting another patient at the Mendota Mental Health Institute.[2] Although the defendant initially entered an NGI plea to the battery charge, he withdrew the plea prior to trial.

¶ 6. The circuit court sentenced the defendant to five years in prison on the battery charge and ordered him immediately transferred to the Department of Corrections (the DOC) for assessment and placement in the Wisconsin prison system.

¶ 7. The court of appeals affirmed the judgment of the circuit court and the order of the circuit court denying the defendant's motion for sentence modification.[3] The court of appeals concluded that immediate

---

[2] The defendant was convicted of battery by a prisoner in violation of Wis. Stat. § 940.20(1)(1991–92). Section § 940.20(1) provides as follows:

> Any prisoner confined to a state prison or other state, county or municipal detention facility who intentionally causes bodily harm to an officer, employe, visitor or another inmate of such prison or institution, without his or her consent, is guilty of a Class D felony.

[3] The circuit court ordered the prison sentence to be "concurrent" with the NGI commitment. Relying on Wis. Stat.

commencement of the defendant's prison sentence was required by Wis. Stat. § 973.15.[4]

## II

¶ 8. This case involves the interpretation of Wis. Stat. §§ 971.17 and 973.15. The issue of statutory interpretation presents a question of law. *See Carlson & Erickson Builders v. Lampert Yards*, 190 Wis. 2d 650, 658, 529 N.W.2d 905 (1995). This court determines questions of law independently of the circuit court and court of appeals, benefiting from their analyses. *See id.*

## III

¶ 9. Two statutory provisions are at issue in this case. The first is Wis. Stat. § 971.17, which governs the custody, care, treatment and discharge of an NGI acquittee committed to the DHSS. Section 971.17(1) reads in pertinent part as follows:

> When a defendant is found not guilty by reason of mental disease or defect, the court shall order him to be committed to the department [of health and social services] to be placed in an appropriate institution for custody, care and treatment until discharged as provided in this section.

§ 973.15(2)(a), the court of appeals held that the words "concurrent with Not Guilty by Insanity commitment" be deleted from the judgment. The defendant and the State agree with the court of appeals decision that a prison sentence cannot be concurrent with an NGI commitment because an NGI commitment is not a sentence as required by § 973.15(2)(a). This issue is not before this court in the present case.

[4] Further references to Wis. Stat. § 973.15 in this opinion will be to Wis. Stat. § 973.15 (1993–94).

499

¶ 10. Chapter 971 of the Wisconsin statutes details the procedure for the discharge of an NGI acquittee from the DHSS and from placement in a mental health institution. Section 971.17 makes no provision for an NGI acquittee in the event the NGI acquittee, like the defendant in this case, is convicted of a crime while under a chapter 971 commitment.

¶ 11. The second statute at issue in this case is Wis. Stat. § 973.15, two subsections of which come into play in this case. Subsection (1) of § 973.15 states that except as otherwise provided in § 973.15, all sentences commence at noon on the day of sentence. Section 973.15(1) reads as follows:

> Except as provided in s. 973.032, all sentences to the Wisconsin state prisons shall be for one year or more. *Except as otherwise provided in this section, all sentences commence at noon on the day of sentence*, but time which elapses after sentence while the convicted offender is at large on bail shall not be computed as any part of the term of imprisonment (emphasis added).

¶ 12. The other subsection, Wis. Stat. § 973.15(8)(a), sets forth exceptions to the rule that all sentences commence at noon on the day of sentence and provides that a sentencing court may stay the execution of a sentence of imprisonment in three circumstances: (1) for legal cause, (2) to place the person on probation to the DOC under § 973.09(1)(a) or (3) for not more than 60 days.[5] Although § 973.15(8)(a),

---

[5] Wis. Stat. § 973.15(8)(a) provides as follows:

The sentencing court may stay execution of a sentence of imprisonment...only:
 1. For legal cause;
 2. Under s. 973.09(1)(a); or
 3. For not more than 60 days.

states that a circuit court may grant a stay under one of these circumstances, it does not require the court to do so.

¶ 13. In this case, the only exception in Wis. Stat. § 973.15(8)(a) to immediate commencement of a prison sentence which might arguably apply is the provision that a circuit court may stay execution of a sentence of imprisonment "[f]or legal cause." Wis. Stat. § 973.15(8)(a)1.

¶ 14. In summary, Wis. Stat. § 971.17(1) does not on its face authorize the discharge of an NGI acquittee for imprisonment upon sentence for a crime while § 973.15 requires immediate imprisonment of a convicted defendant, with no exception made expressly for NGI acquittees. A circuit court's imposition of an immediate sentence under § 973.15(1) would run counter to the requirement in § 971.17 that NGI acquittees be committed to the DHSS until discharged from the commitment under chapter 971. Section 973.15(8)(a) does, however, provide that a circuit court "may" stay execution of a sentence of imprisonment for legal cause, a concept we discuss later in part IV.[6] If commitment under § 971.17 constitutes legal cause under § 973.15(8)(a), the courts would have the option to impose a sentence of imprisonment immediately or to stay execution of the sentence for NGI acquittees.

¶ 15. In this case the defendant has not been discharged from the DHSS in accordance with chapter 971. At the same time he is required to serve a prison sentence in accordance with Wis. Stat. § 973.15(1)

_____

[6] If we were to assume that commitment under Wis. Stat. § 971.17 constitutes "legal cause" and that § 973.15(8)(a)1 mandates that a circuit court "must" stay execution of a sentence of imprisonment for legal cause, §§ 971.17 and 973.15 would be compatible.

unless a circuit court, in the exercise of its discretion, authorizes a stay for legal cause under § 973.15(8)(a)1.

## IV

¶ 16. In this case three interpretations of the statutes are presented to the court: that of the court of appeals, that of the defendant and that of the State.

¶ 17. The court of appeals concluded that Wis. Stat. § 973.15(1) clearly states that all sentences commence at noon on the day of sentence with no exception made for NGI acquittees. Because it saw no conflict between the sentencing and NGI commitment statutes, the court of appeals declined to determine whether an NGI commitment constitutes legal cause for staying execution of a sentence of imprisonment.

¶ 18. The defendant argues that Wis. Stat. § 917.17 provides the exclusive mechanism by which an NGI acquittee can be discharged from a chapter 971 commitment and that the circuit court's imposition of his prison sentence and his immediate transfer to a correctional facility were in violation of § 971.17. The defendant maintains that the circuit court's order directing immediate execution of the prison sentence contravenes the purpose of § 971.17, namely providing treatment for an NGI acquittee's mental illness and behavioral disorders. *See State v. Randall*, 192 Wis. 2d 800, 532 N.W.2d 94 (1995). According to the defendant's interpretation of the statutes, § 971.17 (governing discharge of NGI acquittees) has primary importance and § 973.15 (requiring immediate execution of a prison sentence) is inapplicable to NGI acquittees.

¶ 19. The State, disagreeing with both the court of appeals and the defendant, views Wis. Stat. §§ 971.17 and 973.15 as conflicting and therefore in

502

need of harmonization. According to the State, the conflict arises because § 971.17 allows an NGI acquittee to be discharged from a chapter 971 commitment pursuant only to certain statutory procedures that were not followed in this case while § 973.15, although allowing a court to stay execution of a prison sentence under certain circumstances, requires immediate execution of a sentence.[7]

¶ 20. The State urges this court to harmonize Wis. Stat. §§ 971.17 and 973.15(1) by holding (1) that a prior NGI commitment is "legal cause" for which a sentence of imprisonment may be stayed, and (2) that a circuit court has discretion to determine whether an NGI acquittee should remain in the custody of the DHSS or be transferred to the custody of the DOC.[8]

¶ 21. Under the ordinary rules of statutory interpretation, statutes should be reasonably construed to avoid conflict. *See Law Enforcement Standards Bd. v. Village of Lyndon Station*, 101 Wis. 2d 472, 489–90, 305 N.W.2d 89 (1981). When two statutes conflict, a court is to harmonize them, *see Bingenheimer v. DHSS*, 129 Wis. 2d 100, 107, 383 N.W.2d 898 (1986), scrutinizing both statutes and construing each in a manner that serves its purpose. *See Caldwell v. Percy*, 105 Wis. 2d 354, 361–262, 314 N.W.2d 135 (Ct. App. 1981). The

---

[7] The State observes that "[t]he court of appeals found no conflict, but it did not explain how these two statutes which purport to be self-contained procedures and make no reference to each other, can be construed to avoid a conflict. It is difficult to envision a construction which avoids a conflict." Brief for State at 5.

[8] The defendant's brief also urges this interpretation of the statutes if the court does not accept the defendant's first proposed interpretation.

principal objective of statutory interpretation is to ascertain and give effect to the intent of the legislature. *See Carlson*, 190 Wis. 2d at 658.[9]

¶ 22. The purpose of the NGI statute is, as the defendant states, two-fold: to treat the NGI acquittee's mental illness and to protect the acquittee and society from the acquittee's potential dangerousness. *See Randall*, 192 Wis. 2d at 833. The criminal statutes and the resulting judgment of conviction and sentence are, on the other hand, designed to accomplish the objectives of deterrence, rehabilitation, retribution and segregation.[10]

¶ 23. Adopting the court of appeals interpretation that Wis. Stat. § 973.15(1) supersedes § 971.17 would frustrate the treatment purposes of chapter 971.

¶ 24. Adopting the defendant's interpretation that Wis. Stat. § 971.17 supersedes § 973.15 would frustrate the goals of the criminal statutes. Such an interpretation would undermine the deterrence, rehabilitation, retribution and segregation purposes of the criminal statutes.

¶ 25. In criminalizing battery by a prisoner, *see* Wis. Stat. § 940.20(1), the legislature expressed its intention that the criminal statute govern NGI acquitees and that the objectives of deterrence retribution, and segregation apply to NGI acquittees.[11] Even if a criminal statute does not expressly govern the con-

---

[9] In this case the legislative history to Wis. Stat. §§ 971.17 and 973.15 does not aid us in interpreting the statutes.

[10] *See* Wayne R. LaFave & Austin W. Scott, Jr., 1 *Substantive Criminal Law* § 1.5, at 30–36 (1986).

[11] Persons committed to mental health institutions after being found NGI are considered prisoners for purposes of Wis. Stat. § 940.20(1). *See State v. Skamfer*, 176 Wis. 2d 304, 308, 500 N.W.2d 369 (Ct. App. 1993).

duct of persons confined to mental health facilities, the language of many criminal statutes can be interpreted to govern the conduct of such persons. It is therefore reasonable to conclude that the legislature intended NGI acquittees to experience the consequences set forth in the criminal code. It is also reasonable to conclude that the legislature intended to effectuate the goals of the NGI statutes, including treatment of an NGI acquittee's mental illness and behavioral disorders, even when an acquittee commits a subsequent criminal offense.

¶ 26. We conclude that a circuit court can give effect to both statutes and to the objectives of the legislature if the statutes authorize the circuit court to make a reasoned determination about imposing or staying a prison sentence on the basis of the facts of each case.

¶ 27. The legislature has authorized circuit courts to exercise this kind of discretion in staying sentences of imprisonment by providing in Wis. Stat. § 973.15(8)(a) that a court may stay a sentence "[f]or legal cause." The question in this case is whether an NGI acquittee's chapter 971 commitment constitutes "legal cause."

¶ 28. In Wisconsin there is no precise or detailed definition of what constitutes "legal cause" for the stay of execution of sentence. *See State v. Braun*, 100 Wis. 2d 77, 85, 301 N.W.2d 180 (1981). Legal cause refers to a stay based on the legality of the conviction or the duty to enforce the sentence, and has been explained as "good cause, having to do with the sentence itself, and not on grounds which have no relation to the action in which the sentence is pronounced and are more properly for the consideration of the governor, in whom the

power to pardon is vested, rather than the judiciary." *Drewniak v. State ex rel. Jacquest*, 239 Wis. 475, 486, 1 N.W.2d 899 (1942).[12]

¶ 29. Historically, a stay pending appeal is a stay for legal cause. *See Reinex v. State*, 51 Wis. 152, 8 N.W. 155 (1881). A stay to consolidate sentencing matters is also a stay for legal cause. *See Weston v. State*, 28 Wis. 2d 136, 146, 135 N.W.2d 820 (1965). A stay for the purpose of personally accommodating a defendant, however, is not a stay for legal cause. *See Braun*, 100 Wis. 2d at 85.

¶ 30. Granting a stay of execution of imprisonment for an NGI acquittee is consistent with the teachings of these cases. The "legal cause" for granting a stay of imprisonment has to do with the sentence itself, not with grounds unrelated to the action in which the sentence is pronounced. *See Drewniak*, 239 Wis. at 486. A stay under the circumstances of this case is analogous to a stay to consolidate sentencing matters, which has been held to a be a stay for legal cause. *See Weston*, 28 Wis. 2d at 146. The stay has nothing to

---

[12] The essence of the phrase "legal cause" seems to be tied to institutional functions: In granting a stay, a court may not exercise a power that belongs to the executive. The simple reason for the circuit court's limited powers is that upon sentencing, the essence of the judicial process is complete and nothing remains for the court to do but turn the defendant over to the executive authority for incarceration. *See State v. Braun*, 100 Wis. 2d 77, 85, 301 N.W.2d 180 (1981). This principle of the limited power of a court to stay execution of a sentence and thus to interfere with the executive branch has been reaffirmed in several cases. *See, e.g., Donaldson v. State*, 93 Wis. 2d 306, 310, 286 N.W.2d 817 (1980); *Drinkwater v. State*, 69 Wis. 2d 60, 66, 230 N.W.2d 126 (1975); *Drewniak v. State ex rel. Jacquest*, 239 Wis. 475, 484, 1 N.W.2d 899 (1942); *In re Webb*, 89 Wis. 354, 356–57, 62 N.W. 177 (1895).

do with personal accommodation of the defendant. *See Braun*, 100 Wis. 2d at 85. In addition, the decision to grant a stay for an NGI acquittee properly belongs to the judiciary in exercise of judicial discretion in sentencing rather than to the governor in exercise of the power to pardon. *See Drewniak*, 239 Wis. at 486.

¶ 31. We therefore conclude that the phrase "[f]or legal cause" in Wis. Stat. § 973.15(8)(a)1 includes an NGI commitment pursuant to chapter 971 and that a circuit court may exercise its discretion in determining whether to stay execution of a prison sentence imposed on an NGI acquittee.

¶ 32. This discretion is similar to the discretion a circuit court exercises when making any sentence decision. In exercising its discretion, a circuit court may determine that the purposes of both the criminal and NGI statutes are best served by allowing the defendant to remain in a mental health institution pursuant to the NGI acquittal. In these cases Wis. Stat. § 971.17 is given primary importance. This disposition may be appropriate, for example, in cases involving less serious crimes or defendants with serious mental illness or special treatment needs.

¶ 33. In other cases a circuit court may determine that the goals of retribution, rehabilitation, deterrence and segregation are best served by committing the defendant to the custody of the DOC upon sentencing. This disposition may be appropriate, for example, in cases where the crime requires severe punishment, where there is a need to deter both the particular defendant and the general NGI population, and where the defendant needs to be segregated from the general NGI population.

¶ 34. Accordingly, we conclude that Wis. Stat. §§ 971.17 and 973.15 authorize a circuit court to deter-

mine whether a prison sentence of an NGI committee should be executed forthwith for deterrence, rehabilitation, retribution and segregation purposes, or whether the prison sentence should be stayed to achieve the objectives of § 971.17.[13]

¶ 35. Because the circuit court in this case ordered immediate execution of the prison sentence without considering whether there was legal cause to stay the execution, we reverse the decision of the court of appeals and remand the cause to the circuit court to determine whether the sentence should be stayed.

*By the Court.*—The decision of the court of appeals is reversed, and the cause is remanded to the circuit court.

[13] Although no Wisconsin case law has defined prior NGI commitments as legal cause to stay execution of a prison sentence, other jurisdictions have recognized a stay as appropriate in situations involving an accused who is under a psychiatric commitment. *See Copeland v. Warden*, 621 A.2d 1311, 1313 (Conn. 1993); *State v. Flemming*, 409 A.2d 220, 225 (Me. 1979). These courts reached their decisions on grounds other than those upon which this decision is based.