STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert A. TOMASZEWSKI, Defendant-Appellant.

Court of Appeals

*No. 2009AP385–CR. Submitted on briefs August 31, 2009.*
*—Decided March 23, 2010.*

2010 WI App 51

(Also reported in 782 N.W.2d 725.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Devon M. Lee*, assistant state public defender, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general, and *Sally L. Wellman*, assistant attorney general.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. BRUNNER, J. Robert Tomaszewski appeals a judgment of conviction, entered upon his no contest plea, on one count of operating while intoxicated, fifth or greater offense, in violation of Wis. Stat. § 346.63(1)(a).[1] He contends evidence of his intoxication must be suppressed because police lacked reasonable suspicion to conduct a traffic stop. We conclude police reasonably suspected Tomaszewski of following within 500 feet of another vehicle while using his high beams in violation of Wis. Stat. § 347.12(1)(b). Consequently, we affirm.

## BACKGROUND

¶ 2. On April 10, 2008, the State filed a criminal complaint alleging that on August 4, 1999, Tomaszewski

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

operated a motor vehicle while intoxicated and with a prohibited alcohol concentration.[2] Tomaszewski filed a motion to suppress, arguing police lacked reasonable suspicion for the traffic stop that produced evidence of the crime.

¶ 3.   Kirk Danielson, an inspector for the Wisconsin State Patrol, was the sole witness at the suppression hearing. Danielson testified that on August 4, 1999, he was observing traffic on Interstate 94 in St. Croix County. Around 1:15 a.m., he noticed a white four-door vehicle, driven by Tomaszewski, following closely behind a westbound semi truck. Tomaszewski's high beam headlights were on, and Danielson estimated 400 feet separated Tomaszewski's vehicle and the truck. Tomaszewski passed the semi, dimming his lights only as he approached the semi's passenger compartment.

¶ 4.   Danielson   conducted   a   traffic   stop. Tomaszewski's eyes were glassy and bloodshot and his speech was slurred. Danielson also smelled alcohol. Tomaszewski failed field sobriety tests and was arrested for operating while intoxicated.

## DISCUSSION

■■

¶ 5.   Tomaszewski argues the traffic stop violated his constitutional rights because it was not based on reasonable suspicion. "The question of whether a traffic stop is reasonable is a question of constitutional fact."

---

[2] Tomaszewski concedes the delay in prosecuting this case was entirely his doing. He acknowledges he was originally charged in 1999, but absconded after failing to appear at a scheduled status conference. The State filed a new criminal complaint after Tomaszewski turned himself in on several outstanding warrants in 2007.

*State v. Post*, 2007 WI 60, ¶ 8, 301 Wis. 2d 1, 733 N.W.2d 634. "A question of constitutional fact is a mixed question of law and fact to which we apply a two-step standard of review. We review the circuit court's findings of historical fact under the clearly erroneous standard, and we review independently the application of those facts to constitutional principles." *Id.* (citations omitted).

¶ 6.   Police may conduct an investigative stop if the officer is " 'able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant' the intrusion of the stop." *Id.*, ¶ 10 (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968)). The intrusion is warranted if the officer reasonably suspects the person stopped is committing, is about to commit or has committed a crime.[3] WIS. STAT. § 968.24; *Post*, 301 Wis. 2d 1, ¶ 13. "The reasonableness of a stop is determined based on the totality of the facts and circumstances." *Post*, 301 Wis. 2d 1, ¶ 13.

¶ 7.   The circuit court concluded the traffic stop was justified because Danielson reasonably suspected Tomaszewski of violating WIS. STAT. § 347.12(1)(b), which provides:   "Whenever the operator of a vehicle

---

[3] Tomaszewski argues this is not a case in which reasonable suspicion that he was violating a traffic law would justify the stop. In Tomaszewski's view, a temporary detention may be justified by reasonable suspicion only where an officer cannot determine, without further investigation, whether a traffic violation has occurred. This is not the law. *See, e.g.*, WIS. STAT. § 968.24; *State v. Post*, 2007 WI 60, ¶ 13, 301 Wis. 2d 1, 733 N.W.2d 634; *State v. Griffin*, 183 Wis. 2d 327, 330–31, 515 N.W.2d 535 (Ct. App. 1994) (temporary detention justified whenever police reasonably suspect the individual stopped has committed a crime).

equipped with multiple-beam headlamps approaches or follows another vehicle within 500 feet to the rear, the operator shall dim, depress, or tilt the vehicle's headlights so that the glaring rays are not reflected into the eyes of the operator of the other vehicle."[4] The circuit court found Tomaszewski followed within 400 feet of the semi. In addition, it found Tomaszewski did not dim his headlights until he was passing the truck.

¶ 8. Tomaszewski contends the circuit court's conclusion was in error because there was no evidence that the glaring rays of his vehicle's high beams reflected into the eyes of the semi truck driver. Moreover, he asserts no such evidence could be produced because a semi truck lacks a rear windshield through which the lights could shine. In the State's view, no such evidence was necessary, as the language "so that the glaring rays are not reflected into the eyes of the operator of the other vehicle" merely describes the purpose of requiring dimmed headlights and does not create an element of the offense.

¶ 9. Resolution of this dispute requires that we interpret Wis. Stat. § 347.12(1)(b). Interpretation of statutory language is a matter of law we review de novo. *Christensen v. Sullivan*, 2009 WI 87, ¶ 42, 320 Wis. 2d 76, 768 N.W.2d 798. If the language of a statute is unambiguous, we will ordinarily stop the inquiry and apply the statute in accordance with its plain meaning. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. Statutory language will be given its common, ordinary,

---

[4] We note Wis. Stat. § 347.12(1)(b) reads much as it did when created in 1957. *Compare* Wis. Stat. § 347.12(1)(b) *with* 1957 Wis. Laws, ch. 260, § 1 (creating Wis. Stat. ch. 347).

and accepted meaning. *Id.* "[S]tatutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶ 46.

¶ 10. We conclude Wis. Stat. § 347.12(1)(b) does not require proof that the headlights reflected into the eyes of another driver. The statute directs drivers operating within 500 feet to dim their headlights, and concludes by describing the purpose of this requirement: to prevent the glaring rays from reflecting into another driver's eyes. Tomaszewski's interpretation would require an ordinary driver using high beams to know whether his or her headlights will impair another driver's vision. This interpretation is absurd; drivers are in no position to determine whether their vehicle's high beams glare into the eyes of other drivers. To avoid this problem, the statute assumes the use of high beams within 500 feet will cause impairment, and prohibits their use.

¶ 11. Under this interpretation, the circuit court properly found that Danielson possessed reasonable suspicion Tomaszewski was in violation of Wis. Stat. § 347.12(1)(b). It found Tomaszewski used his vehicle's high beams while operating within 500 feet of the semi truck. These findings are not clearly erroneous and the circuit court properly denied Tomaszewski's suppression motion.[5]

---

[5] Even if the State was required to prove the light from Tomaszewski's headlights reflected into the eyes of the semi truck driver, we would find the State satisfied its burden. Although we do not decide the case on these grounds, the circuit

*By the Court.*—Judgment affirmed.

court found Tomaszewski did not dim his vehicle's lights until passing the semi. This fact is sufficient to create reasonable suspicion, as it was reasonably likely Tomaszewski's headlights reflected in the semi driver's eyes through side mirrors.