COURT OF APPEALS
DECISION
DATED AND FILED

May 21, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP204**

**STATE OF WISCONSIN**

Cir. Ct. No. **2023TR1044**

**IN COURT OF APPEALS
DISTRICT IV**

PORTAGE COUNTY,

    PLAINTIFF-RESPONDENT,

V.

ADAM NICHOLAS DOMBROWSKI,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Portage County: MICHAEL D. ZELL, Judge. *Affirmed*.

¶1 KLOPPENBURG, J.[1] Adam Dombrowski appeals a judgment finding him guilty of operating a motor vehicle while intoxicated as a first offense.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

He argues that the blood test results showing an unlawful amount of alcohol in his blood ought to have been suppressed for two reasons: because the arresting sheriff's deputy did not honor Dombrowski's request for an alternative test under WIS. STAT. § 343.305(5)(a), and because the sheriff's department was not prepared to administer two of the three tests for blood alcohol content—of blood, breath, or urine—listed in § 343.305(2). I conclude that Dombrowski did not request an alternative test and that the record shows that the sheriff's department was prepared to administer two of the three statutory tests. Accordingly, I affirm.

## BACKGROUND

¶2 The County charged Dombrowski with an ordinance violation for operating with a prohibited alcohol concentration. Dombrowski filed a motion to suppress the results of the blood test. He argued that the arresting sheriff's deputy failed to honor his request for an alternative test, and that the sheriff's department was not prepared to administer a breath test as one of the three statutory alternative tests. The circuit court held an evidentiary hearing on Dombrowski's motion.

¶3 The following facts are taken from the arresting sheriff's deputy's testimony and the deputy's body camera footage shown at the hearing, and the circuit court's factual findings based on that evidence.

¶4 The deputy stopped Dombrowski for an illegible license plate. On contact with Dombrowski, the deputy observed that Dombrowski had slurred speech and glassy eyes and smelled the odor of alcohol coming from the vehicle, and Dombrowski admitted to having consumed alcohol. The deputy was suspicious that Dombrowski was intoxicated and asked him to perform field sobriety tests. Dombrowski performed some of the requested testing but

2

"continually asked to get his medication [for attention deficit disorder] from his residence."

¶5 After a horizontal gaze nystagmus test indicated that Dombrowski was intoxicated, the deputy showed Dombrowski a portable preliminary breath testing device and asked whether Dombrowski would perform a preliminary breath test ("PBT"). The deputy and Dombrowski engaged in some back and forth on whether Dombrowski would take the PBT, during which Dombrowski said several times that he would be willing to take "a calibrated one down at the station." The deputy, who was at that time holding the portable PBT device, responded "[w]e don't have one down at the station so I am asking if you'd be willing to do [a] preliminary breath test right now." There is a breath-testing device called a calibrated intoximeter at the sheriff's station, but it is not department policy to take OWI suspects to the station to use that device prior to arrest. There are no "spare" portable PBT devices, which are the devices used before arrest, at the station, which is why the deputies "carry them in our vehicles so we can have them on the side of the road." The circuit court found that it was the portable PBT device to which the deputy was referring when he said "we don't have one" at the station.

¶6 The deputy arrested Dombrowski and took him to a nearby hospital. There, the deputy read Dombrowski the Informing the Accused form and asked Dombrowski if he would submit to a blood test. Dombrowski agreed to the blood test. From the time that Dombrowski consented to the blood test after being read the Informing the Accused form, the issue of another test, whether breath or blood, did not come up, and Dombrowski did not ask to take additional tests. Dombrowski was released from the hospital to a responsible adult, and the deputy's and Dombrowski's interaction was complete.

¶7 The circuit court denied the suppression motion after the hearing, and Dombrowski was found guilty at a court trial. He appeals.

**DISCUSSION**

¶8 An order granting or denying a suppression motion presents a mixed question of law and fact to which this court applies a two-step standard of review. *State v. Casarez*, 2008 WI App 166, ¶9, 314 Wis. 2d 661, 762 N.W.2d 385. This court reviews the circuit court's findings of historical fact under the clearly erroneous standard and independently decides the application of statutory and constitutional law to these facts. *State v. Tomaszewski*, 2010 WI App 51, ¶5, 324 Wis. 2d 433, 782 N.W.2d 725.

¶9 Under WIS. STAT. § 343.305(2) and (3), after a person is arrested for, pertinent here, an operating while intoxicated offense, "a law enforcement officer may request the person to provide one or more samples of [the person's] breath, blood or urine." Under § 343.305(5)(a), a person who submits to a requested blood, breath, or urine test "is permitted, upon [the person's] request, the alternative test provided by the agency under sub. (2) [of blood, breath, or urine]." Under § 343.305(2), "The law enforcement agency by which the officer is employed shall be prepared to administer, either at its agency or any other agency or facility, 2 of the 3 tests under sub. (3)(a), (am), or (ar) [of blood, breath, or urine], and may designate which of the tests shall be administered first."

¶10 Dombrowski makes two arguments. First, he contends that he requested an alternative test, which was his statutory right under WIS. STAT. § 343.305(5)(a), and that this request was unlawfully denied. This state's appellate courts have suppressed test results when the arresting agency did not fulfill its statutory duty to provide a requested alternative test. *State v.*

*McCrossen*, 129 Wis. 2d 277, 297, 385 N.W.2d 161 (1986); *State v. Renard*, 123 Wis. 2d 458, 461-62, 367 N.W.2d 237 (Ct. App. 1985).

¶11     Second, Dombrowski contends that the deputy's statement that "we don't have one" at the station, in response to Dombrowski's request for a "calibrated" test, showed that, contrary to WIS. STAT. § 343.305(2), the sheriff's department was not prepared to administer two of the three statutory tests. He argues that this alleged lapse independently requires suppression of his blood test result.[2]

¶12     On the issue of whether the deputy unlawfully refused a request from Dombrowski for an alternative test, Dombrowski points to his various offers to take a "calibrated" breath test that would "stand[] up in the court of law." The parties offer arguments about the meaning of Dombrowski's requests, but it is clear that he was asking for an evidentiary breath test like the one available at the sheriff's station using the calibrated device.[3] However, the statutes do not grant a blanket right to ask for and receive an evidentiary breath test at any time; the right arises only when a person has been arrested and submits to the test requested by a law enforcement officer. *See* WIS. STAT. § 343.305(3)(a) (an officer may request a breath, blood, or urine test after arresting a person for an operating while intoxicated offense) and (5)(a) (an alternative test is permitted for a "person who

---

[2] Dombrowski's argument appears to assume that a law enforcement agency's failure to be prepared to administer two of the three tests would result in suppression on its own, even if the defendant did not ask for an alternative test. The parties do not develop arguments supported by legal authority addressing this point. This opinion does not reach this point because the conclusion that the sheriff's department was prepared to offer two of the three tests is dispositive.

[3] The results of a preliminary breath test are generally not admissible in court. WIS. STAT. § 343.303.

submits to the test" requested by law enforcement). When Dombrowski asked for the breath test, he had not been arrested and had not submitted to the deputy's request for a blood test. He was, instead, refusing to undergo a PBT and offering to take a calibrated breath test instead. Dombrowski had no statutory right to the calibrated breath test at that time, and the deputy lawfully refused to take him to the station to take that test in lieu of the PBT.

¶13 Dombrowski argues that once he had been arrested and submitted to the requested blood test, the deputy was obligated to arrange for an alternative test because of his prior requests for a "calibrated" breath test. Dombrowski relies principally on *Renard*, but that case is distinct because the circuit court there found that the driver had asked for a breath test "in addition to the blood test" the police officer had requested. *See* 123 Wis. 2d at 460. Here, by contrast, after Dombrowski's arrest, and after the deputy asked for and received consent to a blood draw, Dombrowski made no request for an alternative test. This is true even though the Informing the Accused form the deputy read to Dombrowski informed Dombrowski that he had the right to an alternative test. That form states, "If you take all the requested tests, you may choose to take further tests. You may take the alternative test that this law enforcement agency provides free of charge. You also may have a test conducted by a qualified person of your choice at your expense. You, however, will have to make your own arrangements for that test."

¶14 Dombrowski argues that, because the deputy had earlier said "we don't have one down at the station," it is unreasonable to think that Dombrowski would understand that he could request an alternative test, even after being read the form explaining that he could do so. However, having been directly informed in plain language that he could have an alternative test, there was nothing preventing Dombrowski from requesting to exercise that right, or from asking

questions to try to dispel any confusion he may have harbored. But, per the deputy's testimony, Dombrowski did not say anything about wanting an alternative test after being told he could have one.

¶15 Dombrowski also suggests that *Renard* imposed on the deputy "a duty before leaving [the hospital] to make an inquiry" as to whether Dombrowski wanted an alternative test, but that is a misquotation of *Renard*. In *Renard*, this court stated that the officer there, having received Renard's request for an additional test, had a "duty before leaving [the hospital] to make a final inquiry *concerning the expected time of Renard's release*." 123 Wis. 2d at 461 (emphasis added). This was a duty that arose from the officer's obligation to make a "diligent effort" to supply the requested test. *Id.* *Renard* did not say that a law enforcement officer has any duty to affirmatively ask an arrested person whether the person would like an alternative test in the first place, and Dombrowski elsewhere concedes that no such duty is imposed by the statutes or the case law.

¶16 In rejecting Dombrowski's arguments under the circumstances here, this opinion does not mean to suggest that an accused motorist's request for an alternative test should be construed narrowly or technically. If Dombrowski had asked for a "calibrated" breath test in a context that indicated he was invoking his statutory right to an alternative test, he would have been entitled to it. But the circuit court found that Dombrowski's offer to take a "calibrated" breath test was meant not as a request for an alternative test in addition to the requested blood test after he was arrested, but as an alternative to the PBT the deputy was seeking to administer before Dombrowski's eventual arrest. Under the circumstances, I cannot conclude that this factual finding was clearly erroneous. *See Tomaszewski*, 324 Wis. 2d 433, ¶5.

¶17    Dombrowski argues that the department was not prepared to administer a calibrated breath test as one of the two required statutory tests, because when the deputy asked him to take a PBT, the deputy told him that "we don't have one" at the station.  However, the circuit court's factual findings based on the deputy's testimony establish without dispute that the department was prepared to administer a calibrated breath test at the station after Dombrowski submitted to the requested blood test.

¶18    Specifically, the circuit court found that the deputy was referring to a PBT device when he said "we don't have one" at the station, and Dombrowski fails to show that this finding is clearly erroneous.  To the contrary, the deputy's testimony is clear that there is, in fact, a calibrated breath-testing device at the station, and that the department is prepared to offer it as an alternative test after a person has submitted to a requested test (here, a blood test).  But, the only device for administering a PBT before a person has submitted to a requested test is the portable device that the deputy asked Dombrowski to use to take the PBT, and Dombrowski refused to take a PBT using that device.  In sum, the evidence shows that the sheriff's department was prepared to offer a breath test as an alternative test after Dombrowski submitted to the requested blood test.

## CONCLUSION

¶19    Because Dombrowski has not shown a violation of either his right to request an alternative test or the sheriff's department's obligation to be prepared to administer two of the three statutory tests, I affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.